IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEREMY D. MINOR, #16905-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv134 |
| | § | CRIMINAL ACTION NO. 4:10cr97(1) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Movant Jeremy D. Minor, a federal prisoner proceeding *pro se*, filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND**

On April 18, 2012, after pleading guilty pursuant to a written plea agreement, the court sentenced Movant to 60 months' imprisonment for possession with the intent to distribute cocaine base, in violation of 18 U.S.C. §841(a)(1). Movant did not file a direct appeal. In his § 2255 motion, Movant claims that he is entitled to relief because the court applied the federal sentencing guidelines as they existed before the enactment of the Fair Sentencing Act (FSA) of 2010. He claims the court incorrectly applied the sentencing guidelines because he committed his crime before the Act, but was sentenced after the Act. The Government filed a Response, asserting that Movant is not entitled to relief. Movant did not file a Reply.

1

## II. FEDERAL HABEAS CORPUS RELIEF

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## III. DISCUSSION

Movant raises a sentencing issue that could have been raised on direct appeal. It is well-settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and decided on direct appeal. *United States v. Rocha,* 109 F.3d 225, 299 (5th Cir. 1997); *Withrow v. Williams*, 507 U.S. 680, 113 S. Ct. 1745, 123 L. Ed.2d 407 (1993). "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). It is also well settled that a collateral challenge may not take the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). Accordingly, if Movant raised, or could have raised, his constitutional or jurisdictional issues on direct appeal, he may not raise them on collateral review unless he first shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent.

*Id*. at 232.

Movant did not file a direct appeal. Nor did he show cause and prejudice for failing to raise the issue on appeal, nor that he is actually innocent. *Kalish*, 780 F.2d at 508*; Shaid*, 937 F.2d at 232. Thus, he may not raise an issue now that could have been raised on direct appeal. *Id*. Movant's § 2255 motion should be denied because his issue is procedurally barred. *Id*.

Additionally, Movant's issue concerns the court's technical application of the sentencing guidelines, which does not give rise to a constitutional claim. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994).

Furthermore, Movant pleaded guilty pursuant to a written plea agreement, which contained a waiver stating that Movant could not appeal the conviction except for in two circumstances: (1) the sentence exceeds the maximum statutory; and (2) ineffective assistance of counsel affects the validity of the waiver or plea itself. *See United States v. White*, 307 F.3d 336 (5th Cir. 2002). Movant does not assert either of the issues reserved for review; thus, his waiver of post-conviction relief also bars relief. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). For all these reasons, Movant's § 2255 motion should be denied.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief

is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the court find that Movant is not entitled to a certificate of appealability.

## V. RECOMMENDATION

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 10th day of February, 2016.**

*Don D. Bush*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE